UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY JORDAN,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

______________________________/

Civil Action No.: 17-12393
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 10, 11]**

Plaintiff Beverly Jordan appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Jordan's motion [ECF No. 10] be **GRANTED**;
- the Commissioner's motion [ECF No. 11] be **DENIED**; and
- the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and

recommendation.

# I. BACKGROUND

## A. Jordan's Background and Disability Applications

Born January 3, 1976, Jordan was 38 years old on the date of application. [ECF No. 8-2, Tr. 14]. She has no past relevant work. [*Id*.]. Jordan claims disability due to splenectomy complications and nerve damage. [ECF No. 8-3, Tr. 44].

After a hearing on April 20, 2016, during which Jordan (appearing *pro se*) and a vocational expert (VE) testified, the ALJ found that Jordan was not disabled. [ECF No. 8-2, Tr. 9-43]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-5. Jordan timely filed for judicial review. [ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A)..

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial

gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Jordan was not disabled. At the first step, he found that Jordan had not engaged in

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

substantial gainful activity since the application date, July 22, 2014.[2] [ECF No. 8-2, Tr. 11]. At the second step, he found that Jordan had the severe impairments of "degenerative disc disease of the lumbar spine; status post splenectomy with residual abdominal pain; and mildly displaced fractures at L1 through L4." [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 11-12].

Between the third and fourth steps, the ALJ found that Jordan had the RFC to perform sedentary work, as defined in 20 C.F.R. §416.967(a), with "occasional bending, stooping, crouching, and crawling; able to alternate between sitting and standing every 15-30 minutes; and no use of vibratory tools." [*Id*., Tr. 12]. At step four, the ALJ found that Jordan did not have past relevant work. [*Id*., Tr. 14]. At the final step, after considering Jordan's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Jordan could perform, including positions as address clerk, order clerk, and document preparer clerk, rendering a finding that she was not disabled. [*Id*.].

---

[2] The ALJ notes that Jordan worked after the application date, but that the activity did not rise to the level of substantial gainful activity.

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec*., 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Jordan, now represented by counsel, argues that the ALJ failed to consider all of her medical conditions in determining her RFC, and that remand is warranted because the development of the record was deficient.[3] [ECF No. 10, 12]. The Court agrees that the ALJ failed to properly develop the record thus warranting remand.

---

[3] Although Jordan's arguments regarding the ALJ's duty to develop the record are succinctly stated only in her reply brief, they are in response to the arguments asserted in the Commissioner's brief so they were not

**B.**

Jordan argues that the ALJ failed in his obligation to obtain her treatment records from Ali Mahmood, M.D., after Jordan testified that she saw the physician monthly. [*See* ECF No. 8-2, Tr. 34]. As a general rule, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs*., 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). But the Sixth Circuit has ruled that an ALJ has a special, heightened duty to develop the record when the claimant is: (1) without counsel; (2) incapable of presenting an effective case; and (3) unfamiliar with hearing procedures*. Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec. of HHS*, 708 F.2d 1048 (6th Cir. 1983)). This heightened duty arises from the remedial nature of the Social Security Act, as well as the recognition that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley*, 708 F.2d at 1051

---

improperly presented for the first time in reply. *See Clayton v. Colvin*, 2016 WL 4729193, at *8 (N.D. Ohio Sept. 12, 2016).

(citing *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

To satisfy this heightened duty, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. *Id.* at 1052. Whether an ALJ has satisfied his "special, heightened duty" to develop the record is determined on a case-by-case basis. *Ostrowski v. Soc. Sec. Commr.,* 2017 WL 7049175, at *9 (E.D. Mich. Dec. 21, 2017), *adopted*, 2018 WL 534487 (E.D. Mich. Jan. 24, 2018) (citing *Osburn v. Apfel*, 1999 WL 503528, at *7 (6th Cir. July 9, 1999).

Courts in this circuit have considered the three *Wilson* factors and the transcript of the hearing holistically when determining whether an ALJ provided a claimant a full and fair hearing. *Clayton v. Colvin*, 2016 WL 4729193, at *8 (N.D. Ohio Sept. 12, 2016); *Morrison v. Commr. of Soc. Sec*., 2017 WL 3431441, at *5 (S.D. Ohio Aug. 10, 2017). Although there is no bright line test to be applied, courts have recognized that "[f]ailure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation." *Ostrowski*, 2017 WL 7049175, at *9 (quoting *Vaca v. Commr. of Soc.Sec.,* 2010 WL 821656, at *6 (W.D. Mich. Mar.4, 2010)). And of particular relevance to this

case, "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Figard v. Comm'r of Soc. Sec.*, 2010 WL 3891211, at *7 (W.D. Mich. July 1, 2010); *see also Ostrowski*, 2017 WL 7049175 at *9 (same).

In *Lashley*, the court found that the ALJ failed to fulfill his duty to fully develop the record because "[t]he hearing was brief. It lasted a mere 25 minutes, and was fully transcribed in approximately 11 pages. In addition Lashley possessed limited intelligence, was inarticulate, and appeared to be easily confused." 708 F.2d at 1052.

Here, Jordan emphasizes that she was without counsel at the hearing, but does not address her ability to present an effective case or her familiarity with hearing procedures. [ECF No. 10, 12]. A review of the hearing transcript reveals that Jordan, who has an 11th grade education, had no previous experience with the hearing process and was not capable of presenting an effective case. [ECF No. 8-2, Tr. 28-31]. Her testimony, elicited by the ALJ's cursory and perfunctory examination,[4] consists of less than seven transcript pages. [*Id*., Tr. 31-36, 37-39]. The ALJ rushed Jordan through her testimony, repeatedly interrupting her when she tried to

---

[4] The entire administrative hearing lasted just 17 minutes and the transcript of the hearing consists of only 15 pages. [ECF No. 8-2, Tr. 28-43].

answer questions about the bases for her alleged disability, the extent of her limitations, her daily activities and the assistance she needs from her mother to perform them, and the doctors who treated her. [*Id*., Tr. 30-34]. Many of Jordan's responses to the ALJ's questions were never completed. [*Id*.].

The ALJ also elicited Jordan to affirm that the evidence was complete despite the fact that the record contained no treatment records from Dr. Mahmood. [*Id.*, Tr. 31, 42]. Indeed, the ALJ assumed, but never asked her if she actually had reviewed the evidence submitted to the ALJ. [*Id*., Tr. 29-31 ("I know you had a chance to review your CD before the hearing, so these exhibits…I'll admit.")]. The Court believes these circumstances triggered the ALJ's special, heightened duty to develop the record. *See Longnecker v. Commr. of Soc.Sec.*, 2016 WL 3912859, at *8 (E.D. Mich. May 25, 2016); *Erkkila v. Commr. of Soc. Sec.*, 2016 WL 4176945, at *7 (N.D. Ohio Aug. 8, 2016).

The Commissioner emphasizes that Jordan denied needing to obtain new evidence, but that argument presupposes that Jordan was familiar with the hearing procedures and capable of effectively representing herself during the hearing. The Court finds that she was not, and that she did not

understand that relevant evidence and testimony were missing from the record.

The ALJ's perfunctory examination of Jordan and his failure to obtain all available medical records breached his duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Lashley*, 708 F.2d at 1052; *see also Erkkila,* 2016 WL 4176945 at *9; *Sarp v. Commr. of Soc. Sec.*, 2017 WL 8896206, at *8 (E.D. Mich. Aug. 18, 2017); *Vaca,* 2010 WL 821656, at *6. The 17 minute hearing, entirely transcribed on 15 pages, contains Jordan's disjointed testimony on a scant seven pages. [ECF No. 8-2, Tr. 28-42]. Her hearing was even shorter than the hearing that was found to be too truncated in *Lashley*. 708 F.2d at 1052.

As noted, during the brief hearing, the ALJ frequently interrupted Jordan's responses to his questions and never probed incomplete or unsatisfactorily answered questions. [*Id*., Tr. 29-36]. For example, Jordan testified that she took her medications daily, but the ALJ never asked her any questions about her medication. [*Id.,*Tr. 34]. She testified that she saw Dr. Mahmood every month, but the ALJ did not follow up with any questions about Dr. Mahmood's treatment of her or whether his treatment records had been submitted as evidence. [*Id.*]. Jordan also began to

name another doctor who she saw regularly, but the ALJ cut her off and never asked her again to identify that doctor. [ECF No. 8-2, Tr. 34].

Thus, Dr. Mahmood's treatment records were missing from the record; the second doctor who Jordan testified to seeing regularly was never identified; and the ALJ did not know what medications or other treatments either of those doctors prescribed. Yet, the ALJ concluded that Jordan had "not sought significant treatment due to ongoing low back pain or abdominal pain." [*Id*., Tr. 13]. This conclusion is not supported by an adequately developed record.

On this basis, the Court finds that the ALJ did not successfully discharge his duty to "fully and fairly [develop] the record through a conscientious probing of all relevant facts." *Sarp,* 2017 WL 8896206, at *8 (citing *Vaca*, 2010 WL 821656, at *7); *see Erkkila,* 2016 WL 4176945, at *9. The Court recognizes the ALJ's responsibility to dispose of claims promptly and avoid unnecessary delays, and does not mean to suggest that the ALJ intended to produce an unfair result. *Sarp,* 2017 WL 8896206, at *8. But because the ALJ did not meet his obligation to develop the record, the Court recommends that the Commissioner's decision be reversed and remanded for further factual findings and evaluation, including a reassessment of Jordan's RFC based on a fully developed record.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Jordan's motion [ECF No. 10] be **GRANTED**; that the Commissioner's motion [ECF No. 12] be **DENIED**; and that this matter be **REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 6, 2018

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2018.

s/Karri Sandusky for
MARLENA WILLIAMS
Case Manager